**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-01888 |
| | ) | |
| v. | ) | |
| | ) | |
| **Kywan Fisher,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF DAMAGES

Plaintiff, Flava Works, Inc., states as follows:

1. The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750.00 or more than $30,000.00 as the court considers just. 17 U.S.C. 504(c)(1).

2. In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.00. 17 U.S.C. 504(c)(1).

3. Plaintiff, Flava Works, Inc., elects to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work.

4. Plaintiff submits the Affidavit of Phillip Bleicher and will tender Mr. Bleicher as a witness at any hearing of damages.

5. Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media. Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.CocoDorm.com, www.Mixitupboy.com, www.RawRods.com, and www.ThugBoy.com, among others. Affidavit of Phillip Bleicher.

6. Plaintiff is recognized nationally and internationally as a leader in the field of production and distribution of adult entertainment due, in large part, to the goodwill and name recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material. Affidavit of Phillip Bleicher.

7. Plaintiff has applied for or has registered various copyrights for its works, including the works that were infringed on in this case. Affidavit of Phillip Bleicher and attached Group Exhibit "A1" to "A4."

8. On information and belief, Defendant infringed on the following copyrighted full length videos of the Plaintiff:

| **VIDEO** | **COPYRIGHT REGISTRATION NUMBER** | **EFFECTIVE DATE OF COPYRIGHT REGISTRATION** |
|---|---|---|
| Thugboy VII Running from the Dick | PA-1-748-147 | August 12, 2001 |
| Star Struck! | PA-1-748-139 | August 12, 2001 |
| Flava Works Video Edits | PA-1-779-325 | September 16, 2001 |
| Flava Works Website Edits 2009 | VA 1-760-400 | February 7, 2001 |

See attached Group Exhibit "A1" to "A4."

9. Defendant was a paid member of the following website of the Plaintiff: www.ThugBoy.com. A copy of Defendant's website subscription is attached as Exhibit "B". The website subscription for the Defendant includes his IP address, his phone number, his email

address, and his personal user name and password. Affidavit of Phillip Bleicher.

10. Defendant agreed to the terms and conditions of the site and agreed that Defendants would not copy and distribute copyrighted videos of Flava Works. Copies of Flava Works' terms and conditions are attached as Group Exhibit "C". Affidavit of Phillip Bleicher

11. On information and belief, Defendant distributed the above-mentioned files by making them available on websites via peer to peer technology. Attached as Exhibits "D1is a screenshots of a website where 10 files of these copyrighted videos were being distributed. Affidavit of Phillip Bleicher.

12. Copies of Plaintiff's copyrighted videos that were found being distributed on the Internet contained a unique embedded code that was assigned to Defendant when he joined as a paid member of Plaintiff's website. Affidavit of Phillip Bleicher.

13. Plaintiff has proprietary software that assigns a unique encrypted code to each member of Plaintiff's paid websites. Affidavit of Phillip Bleicher.

14. In this case, every time the Defendant downloaded a copy of a copyrighted video from Plaintiff's website, it inserts an encrypted code that is only assigned to Defendant. In this case, the encrypted code for Defendant is: "xvyynuxl". A copy of the screenshot of the code from one of the copyrighted video that was distributed on the Internet is attached as Exhibit "E". Affidavit of Phillip Bleicher.

15. On information and belief, several of Plaintiff's copyrighted videos were found on a website called gay-torrents.net using peer to peer technology to make copies of movies. In this case, the copyrighted video being copied would actually reside on the computer of the person who is distributing the video. Affidavit of Phillip Bleicher.

16. In this case, the copyrighted videos that were being distributed on the gay-

torrents.net website all contained the unique encryption code assigned to Defendant: "xvyynuxl". On information and belief, Defendant distributed the aforesaid copyrighted videos on the gay-torrents.net. Affidavit of Phillip Bleicher.

17. All of the aforesaid copyrighted videos of the Plaintiff with Defendant's unique encryption code were found on both sites: Fileserve.com and gay-torrents.net. Affidavit of Phillip Bleicher.

18. On information and belief, Plaintiff's copyrighted videos were downloaded thousands of time by third parties:3416 times on on Gay-Torrents.Net. Affidavit of Phillip Bleicher.

19. As a result of Defendant' conduct, third parties were able to download the copyrighted videos, without permission of Flava Works.

20. Defendant's conduct was committed willfully. Affidavit of Phillip Bleicher.

21. In defining the word "willful" in a copyright infringement case, the Seventh Circuit made the following observations:

> One commentator has concluded that "willfully" means with knowledge that defendant's conduct represents an infringement. See 3 Nimmer § 14.04[B][3] at 14-28. Defining knowledge, several district courts have held that something less than proof of actual knowledge will suffice to establish knowledge and, hence, willfulness. For example, one court found a willful infringement based upon the infringer's position--itself a publisher of a copyrighted newspaper--and its failure to appear and defend in the copyright action. Fallaci [v. New Gazette Literary Corp.], 568 F. Supp. [1172,] 1173 [S.D.N.Y. 1983]. Another court held that "reckless disregard" for the copyright holder's rights establishes knowledge of the infringement. Lauratex Textile Corp. v. Allton Knitting Mills, Inc., 519 F. Supp. 730, 733 (S.D.N.Y. 1981). International Korwin Corp. v. Kowalczyk, 855 F.2d 375 (7th Cir. Ill. 1988)

22. In this case, Defendant knew or should have known that his conduct was unlawful and willful. He had agreed as a paid member of Flava Works, Inc. that he would abide by the copyright law and not copy or distribute Flava Works, Inc.'s content. See Section 1 of the

Terms and Conditions. Exhibit "C".

23. Defendant's conduct was willful to the extent that he copied or distributed Flava Works, Inc.' intellectual property at least 10 times. Plaintiff's copyrighted videos were downloaded at least 3416 times by third parties. These copyrighted videos are now available on the Internet to be distributed, embedded, or copied by third parties over whom Plaintiff may have little or no recourse in locating and prosecuting.

24. Thus, Plaintiff seeks the award of statutory damages to a sum of not more than $150,000.00 for each of the 10 copyrighted files, because the infringement was committed willfully.

25. Plaintiff seeks statutory damages of 1,500,000.00 for the 10 willful infringements of its copyrights.

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendant, Kywan Fisher, in the amount of 1,500,000.00 plus costs

2. For a permanent injunction restraining and enjoining Defendant, Kywan Fisher, from copying, distributing, reproducing, making available for download or embedding any material that infringes Flava Works' Intellectual Property.

3. Awarding Plaintiff reasonable attorney's fees and costs.

DATED:                                              Respectfully Submitted,

August 19, 2012                                     /s/ Meanith Huon

                                                    Meanith Huon

Flava Works, Inc.
933 W. Irving Pk. Rd., Ste. C
Chicago, IL 60613

PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996

### CERTIFICATE OF SERVICE

   I hereby certify that on the 19th day of August, 2012, I caused to be served a true and correct copy of the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF DAMAGES** by causing copies of same to be served electronically on all counsel of record who have appeared in this case and by causing a copy to be served on Defendant, Kywan Fisher, 21 Rendon Drive Hampton, Virginia 23666-1510 via regular U.S. Mail, postage prepaid by depositing same from a U.S. Post Office Box in Chicago, Illinois on or before August 20, 2012 at 5:00p.m.

                   /s/Meanith Huon_____
                   Meanith Huon
                   PO Box 441
                   Chicago, Illinois 60690
                   Phone: (312) 405-2789
                   E-mail: huon.meanith@gmail.com
                   IL ARDC. No.: 6230996