### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Flava Works, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-01888 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kywan Fisher, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DAMAGES

Plaintiff, Flava Works, Inc., states as follows:

The Court asked Plaintiff to discuss whether the requirements of 28 U.S.C. § 1406 and § 1391 are satisfied. Plaintiff will discuss (1) a substantial part of the events giving rise to the claim occurred in this district, (2) defendant has purposefully directed his activities at Illinois such that it comports with traditional notions of fair play and substantial justice to hale Fisher into an Illinois court, and (3) plaintiff's alleged injury arose from defendant's Illinois-related activities.

### I. THE REQUIREMENTS OF 28 U.S.C. § 1406 and § 1391 ARE SATISFIED.

### A. INJURY FROM INFRINGEMENT OF COPYRIGHT OCCURS WHERE THE PLAINTIFF IS LOCATED.

1391(b)(2) provides that "A civil action may be brought in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." The Seventh Circuit has set forth an analysis for determining whether personal jurisdiction lies under the Illinois Long-Arm Statute:

> [T]he requisite analysis consists of three questions: (1) whether the defendant
> engage in one of the jurisdictional acts enumerated in the statute . . . ; (2) whether
> the cause of action is one "arising from" the jurisdictional act; and (3) whether the
> exercise of long-arm jurisdiction is consistent with due process as defined by
> prevailing constitutional standards.

John Walker & Sons, 821 F.2d 399, 402 (7th Cir. 1987); Brode v. Tax Management, Inc.,

1989 U.S. Dist. LEXIS 2570 (N.D. Ill. Mar. 15, 1989).

The Illinois long arm statute provides in relevant part: (a) Any person, whether or

not a citizen or resident of this state, who in person or through an agent does any of the

acts hereinafter enumerated, thereby submits such person, . . . to the jurisdiction of the

courts of this state as to any cause of action arising from the doing of any such acts:

 (2) The commission of a tortious act within this state [.]

Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181,

183 (N.D. Ill. 1991).

A cause of action for copyright infringement sounds in tort. Store Decor Div. of Jas

Int'l, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181, 183 (N.D. Ill. 1991). An

infringement of a plaintiff's intellectual property right, which right is by definition

intangible, must, by definition occur "where the owner suffers the damage", i.e. where the

owner is located.   Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Industries, Ltd.,

767 F. Supp. 181, 183 (N.D. Ill. 1991).  In discussing the Illinois long arm statute, the

Seventh Circuit held that under Illinois law, it is now well settled that the term "tortious

act" inevitably includes the concept of injury,  the situs of the tort is the place where the

injury occurs. Honeywell v. Metz Apparatewerke, 509 F.2d 1137, 1142 (7th Cir. Ill. 1975).

The state in which the victim of a tort suffers the injury may entertain a suit against

the accused tortfeasor. Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club

Limited Partnership, 34 F.3d 410, 411-12 (7th Cir. 1994); Janmark Inc. v. Reidy, 132 F.3d

1200, 1202 (7th Cir. Ill. 1997). As the Seventh Circuit explained:

> There is no tort without injury, Rozenfeld v. Medical Protective Co., 73 F.3d 154,
> 156 (7th Cir. 1996) (Illinois law), and the state in which the injury (and therefore
> the tort) occurs may require the wrongdoer to answer for its deeds even if events
> were put in train outside its borders. A wrong does not become a "tort" until an
> injury has occurred (speeding is wrongful, but not tortious, if no one is injured),
> and the location of the injury therefore is vital to understanding where the tort
> occurred. The tort of which Janmark complains is interference with prospective
> economic advantage by making false claims of copyright infringement, and this tort
> was not complete (because no injury occurred) until Janmark's customer canceled
> the order; the injury and thus the tort occurred in Illinois. Janmark Inc. v. Reidy,
> 132 F.3d 1200, 1202 (7th Cir. Ill. 1997).

Plaintiff, Flava Works, Inc. is incorporated under the laws of the State of Florida with

its principal places of business locates at 2610 N. Miami Ave., Miami, Florida 33127 and at

933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613. See Second Affidavit of Phillip

Bleicher. A substantial part of the events giving rise to the claim occurred in this district,

because the videos are filmed in Illinois and (Florida). Post production work and edits are

performed in the Illinois location. All of Flava Works, Inc.'s professional staff are located in

the Chicago, Illinois offices. The web hosting company, Steadfast, that provides hosting

services to Flava Works, Inc.'s websites is located in Illinois. See Second Affidavit of Phillip

Bleicher; see Exhibit "A". The computer servers that host the Flava Works, Inc.'s paid

members websites are physically located in Chicago, Illinois. See Second Affidavit of Phillip

Bleicher; Exhibit "A". The credit card processing company that processes credit cards that

are used in connection with Flava Works, Inc.'s websites is located in Schaumburg, Illinois.

Exhibit "D".

Plaintiff's alleged injury arose from defendant's Illinois-related activities., because

Flava Works, Inc.'s intellectual property are located in Illinois. The web hosting company,

Steadfast, that provides hosting services to Flava Works, Inc.'s websites is located in Illinois. See Second Affidavit of Phillip Bleicher; see Exhibit "A". The computer servers that host the Flava Works, Inc.'s paid members websites are physically located in Chicago, Illinois. When Defendant intentionally distributed Plaintiff's videos for free to third parties on the Internet, Defendant not only made the videos available to everyone in the world but also to every Illinois citizen or resident with access to the Internet. Illinois citizens and residents would have been able to download Plaintiff's intellectual property that Defendant freely gave away. Defendant's conduct was willful to the extent that he copied or distributed Flava Works, Inc.' intellectual property at least 10 times. Plaintiff's copyrighted videos were downloaded at least 3,449 times. Exhibit "E". These copyrighted videos are now available on the Internet to be distributed, embedded, or copied by third parties over whom Plaintiff may have little or no recourse in locating and prosecuting.

### B.      DEFENDANT NEVER INTERPOSED AN OBJECTION TO VENUE.

28 U.S.C. § 1406(b)provides that "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." In this case, Defendant has not interposed timely and sufficient objection to the venue. Defendant has not interposed an objection at all.

### II.  THE SEVENTH CIRCUIT HAS HELD THAT FORUM SELECTION CLAUSES ARE ENFORCEABLE AND DEFENDANT CONTRACTUALLY AGREED TO SUBMIT TO THE JURISDICTION OF ILLINOIS.

The Seventh Circuit has held that forum selection clauses are valid and enforceable and that a defendant can contractually waive the issue of personal jurisdiction:

If the issue of the validity of the forum selection clause is governed by federal law, Aliano hasn't a chance. The attitude of this circuit toward the validity issue was

made clear in <u>Northwestern National Ins. Co. v. Donovan, supra,</u> where, citing the Supreme Court's decision in <u>M/S Bremen v. Zapata Off-Shore Co.,</u> 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972), and an earlier decision by this court, we said that "those decisions bury the outmoded judicial hostility to forum selection clauses. They make clear that since a defendant is deemed to waive (that is, he forfeits) objections to personal jurisdiction or venue simply by not making them in timely fashion, a potential defendant can waive such objections in advance of suit by signing a forum selection clause. <u>IFC Credit Corp. v. Aliano Bros. Gen. Contrs., Inc.,</u> 437 F.3d 606, 609-610 (7th Cir. Ill. 2006)

The forum selection clause in <u>IFC Credit Corp.</u> stated as follows:

This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental. <u>IFC Credit Corp. v. Aliano Bros. Gen. Contrs., Inc.,</u> 437 F.3d 606, 607 (7th Cir. Ill. 2006).

The Seventh Circuit in <u>IFC Credit Corp.</u> cited to the U.S. Supreme Court's decision in <u>Carnival Cruise Lines, Inc. v. Shute,</u> 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991), in which the forum selection clause consisted of boilerplate language that appeared on the passenger tickets issued by a cruise line. The U.S. Supreme Court there held that the forum selection clause stating that all lawsuits must be brought in Florida was valid.

The Seventh Circuit in <u>TruServ Corp. v. Flegles, Inc.,</u> 419 F.3d 584, 589 (7th Cir. Ill. 2005), also held that "personal jurisdiction is waivable and that parties can, through forum selection clauses and the like, easily contract around any rule we promulgate." There, an individual signed a personal guaranty agreement stating that "this guaranty is made under the laws of the State of Illinois and shall be controlled by and interpreted according to the laws of said state. If suit becomes necessary [plaintiff] authorized to file suit against [defendant] in any court of competent jurisdiction in the State of Illinois."

Defendant had argued that there is no "court of competent jurisdiction" in Illinois because she did not have sufficient minimum contacts with the state. The Seventh Circuit found this argument to be meritless, because defendant had signed a valid forum selection clause, and "obviously, a valid forum-selection clause, even standing alone, can confer personal jurisdiction." Defendant was deemed to have waived her objection to personal jurisdiction. TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 589 (7th Cir. Ill. 2005).

In Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372 (7th Cir. Wis. 1990), the Seventh Circuit held that a contractual term stating that "In the event of litigation or arbitration, the undersigned consents to suit, at Northwestern's option, in Milwaukee County" was enforceable to waive personal jurisdiction, even if the language was contained in " shortest of only six paragraphs, occupying less than a full page of a two-page contract". Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372, 377 (7th Cir. Wis. 1990).

In Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991), a husband and wife residing in the state of Washington purchased passage for a cruise between Los Angeles, California and Puerto Vallarta, Mexico on a ship operated by a Panamanian corporation which had its principal place of business in Miami, Florida. The "passage contract tickets" received by the couple contained a clause designating courts located in the state of Florida as the agreed-upon exclusive venue for litigating any disputes arising under the contract between passenger and carrier. While the cruise ship was in international waters off the coast of Mexico, the wife fell and was injured; and the couple, claiming that the wife's injuries had been caused by the negligence of the cruise line and its employees, subsequently filed suit against the corporation in the

United States District Court for the Western District of Washington.    On certiorari, the

United States Supreme Court held that the nonnegotiated forum-selection clause was

enforceable

     The Seventh Circuit has recognized that in <u>Carnival Cruise Lines, Inc. v. Shute</u>, the

Supreme Court held that even a forum selection clause in a commercial passage contract--

that is, a ticket for a cruise--was enforceable.  <u>Muzumdar v. Wellness Int'l Network, Ltd</u>.,

438 F.3d 759, 762 (7th Cir. Ill. 2006).

     The contract's forum-selection clause is not limited to claims for breach. <u>Kochert v.</u>

<u>Adagen Med. Int'l, Inc.,</u> 491 F.3d 674, 679-680 (7th Cir. Ind. 2007).  As the Seventh

Circuit explained:

> Our conclusion is consistent with American Patriot Insurance Agency v. Mutual
> Risk Management, Ltd., 364 F.3d 884 (7th Cir. 2004). There, the plaintiff sued for
> breach of contract and fraudulent inducement. The parties' forum-selection clause
> provided that "any dispute concerning this Agreement shall be resolved exclusively
> by the courts of Bermuda." Id. at 886. The plaintiff argued that because its claims
> were not purely contractual, the forum-selection clause should not apply. We
> disagreed, noting that HN7a plaintiff cannot defeat a forum-selection clause "by its
> choice of provisions to sue on, of legal theories to press, and of defendants to name
> in the suit." Id. at 888. That the plaintiff alleged fraud was not enough to make the
> contract's forum-selection clause inapplicable: [A] dispute over a contract does not
> cease to be such merely because instead of charging breach of contract the plaintiff
> charges a fraudulent breach, or fraudulent inducement, or fraudulent performance. .
> . . The reason is not that contract remedies always supersede fraud remedies in a
> case that  [**14] arises out of a contract; sometimes they do, sometimes  [*680]
> they don't. . . . It is that the existence of multiple remedies for wrongs arising out of
> a contractual relationship does not obliterate the contractual setting, does not make
> the dispute any less one arising under or out of or concerning the contract, and does
> not point to a better forum for adjudicating the parties' dispute than the one they
> had selected to resolve their contractual disputes.Id. at 889 (internal citations
> omitted).

Kochert v. Adagen Med. Int'l, Inc., 491 F.3d 674, 679-680 (7th Cir. Ind. 2007)

     In the case at hand, Defendant, contractually agreed to the terms

and conditions of his Flava Works, Inc.'s paid membership subscription and to submit

himself to the jurisdiction of the Illinois or Florida courts:

> 11.1. This Agreement has been made in and shall be construed and enforced in accordance with either Illinois or Florida law without regard to any conflict of law provisions. You agree that any action to enforce this Agreement shall be brought in the federal or state courts located in Chicago, Illinois or Miami, Florida and you hereby consent to the personal jurisdiction and venue of the courts located in Cook County, Florida or Miami-Dade County, Florida. Exhibit "C".
> Furthermore, Defendant agreed that he would not breach Flava Works, Inc.'s terms

and conditions by not engaging in copyright infringement:

> 1. FLAVA WORKS CONTENT AND USER SUBMISSIONS
> 1.1. The contents of the Flava Works Internet Service ("the Service"), including all Sites, are intended for the personal, noncommercial use of its users. All materials published on the Sites (including, but not limited to articles, blog entries, comments, text, photographs, images, illustrations, product descriptions, audio, video, software, trademarks, logos and other materials found on the Sites (collectively, the "Content")) are protected by copyright, trademark and all other applicable intellectual property laws, and are owned or controlled by Flava Works or the party credited as the provider of such Content, software or other materials. You shall abide by copyright or other notices, information and restrictions appearing in conjunction with any Content accessed through the Service.
>
> 1.2. The Service is protected by copyright as a collective work and/or compilation, pursuant to United States copyright laws, international conventions and other applicable intellectual property laws, rules and regulations. Except as may otherwise be set forth in this Section 1, you may not reproduce, modify, adapt, translate, exhibit, publish, transmit, participate in the transfer, rental or sale of, create derivative works from, distribute, perform, display, reverse engineer, decompile or dissemble, or in any way exploit, any of the Content, software, materials, Sites or the Service in whole or in part. You may not use any meta tags or any other "hidden text" utilizing Flava Works' name or trademarks without the express prior written consent of Flava Works.
>
> 1.3. Copying or storing of any Content for any purpose other than your personal, noncommercial use as part of the Service is expressly prohibited without the prior written permission from Flava Works' Rights and Permissions Department, or the copyright holder identified in the individual Content's proprietary rights notices. For purposes of clarification, but not limitation, including any Content (in whole or in part) on your personal website, when it is accessible to any other person, is not a personal use and is not permitted.

Defendant joined as a paid member of Flava Works, Inc.'s websites FlavaMen.com, CocoBoyz.com, and Thugboy.com, paying a monthly membership fees. Group Exhibit "B". He was a paid member of Flava Works, Inc.'s site(s) since 2006. Before being permitted to join Flava Works, Inc.'s website(s), Defendant would have been required to agree to its terms and conditions. He joined three and would have been required to agree on several occasions to Flava Works, Inc.'s terms and conditions. He would have been required to agree to the terms at least once a year for the site for which he remained a member. See Second Affidavit of Phillip Bleicher. Defendant would not have been able to access to member sites unless he had agreed to the terms and conditions of Flava Works, Inc. by clicking on "I Agree". See Second Affidavit of Phillip Bleicher. Exhibit "C". Defendant was a paid member of Flava Works, Inc.'s website, FlavaMen.com, CocoBoyz.com, and Thugboy.com since 2006.

In this case, the terms and conditions of Flava Works, Inc. that Defendant agreed to contractually prohibited him from copying or distributing the content of Flava Works, Inc. without the permission of Flava Works, Inc. The terms and conditions also required that Defendant submit himself to the jurisdiction of Illinois, should Plaintiff file suit in Illinois. The reason for the terms and conditions is so that Plaintiff, Flava Works, Inc. does not have to litigate and incur the costs and fees for chasing down a copyright infringer in all 50+ U.S. States, Canada, and the world every time an infringer joins for $24.95 a month and then freely distributes Flava Works, Inc.'s intellectual property on the world wide web.

**III.     DEFENDANT REASONABLY SHOULD HAVE ANTICIPATED THAT PLACING COPYRIGHTED VIDEOS INTO THE STREAM OF COMMERCE WOULD CAUSE INJURY TO PLAINTIFF WHO IS LOCATED IN ILLINOIS.**

Defendant has purposefully directed his activities at Illinois such that it comports with traditional notions of fair play and substantial justice to hale Defendant into an Illinois court. The Seventh Circuit held in Honeywell v. Metz Apparatewerke that it did not does not offend "traditional notions of fair play and substantial justice" under due process to hold that a foreign defendant had sufficient minimum contacts with Illinois, when that defendant knew that its conduct would infringe on plaintiff's intellectual property. Honeywell v. Metz Apparatewerke, 509 F.2d 1137, 1144 (7th Cir. Ill. 1975). Direct contact with the forum state is not essential to the exercise of personal jurisdiction. Id. The defendant Metz in Honeywell may not have physically entered the state of Illinois, but it placed its flash devices in the stream of commerce and infringed on plaintiff's patent under such circumstances that it should reasonably have anticipated that injury through infringement would occur there. Honeywell v. Metz Apparatewerke, 509 F.2d 1137, 1144 (7th Cir. Ill. 1975).

In Peddinghaus Corp. v. Controlled Automation, 2012 U.S. Dist. LEXIS 33347 (C.D. Ill. Feb. 22, 2012), plaintiff alleged that both plaintiff and defendant Controlled Automation are competitors, and thus fully aware of each other's existence. Most significantly, plaintiff alleged that defendants Sykes and Lile registered web domains, in violation of plaintiff's rights, for the purpose of diverting web traffic from plaintiff's website to defendant Controlled Automation's website. Defendants were residents or citizens of Arkansas. The Court held there was personal jurisdiction over defendants.

In this case, Defendant placed copies of Flava Works, Inc.'s videos into the stream of commerce on the Internet to be freely copied by third parties and reasonably should have anticipated that injury through infringement would occur. Flava Works, Inc.'s

intellectual property are located in Illinois where post production edits and work are performed on the videos and where hosting services are provided to host the Flava Works, Inc.'s websites. The computer servers that host the Flava Works, Inc.'s paid members websites are physically located in Chicago, Illinois.

Defendant agreed to Plaintiff's terms and conditions on several occasions that "Copying or storing of any Content for any purpose other than your personal, noncommercial use as part of the Service is expressly prohibited without the prior written permission from" Flava Works, Inc.

Defendant's conduct was intentional. Plaintiff has proprietary software that assigns a unique encrypted code to each member of Plaintiff's paid websites. In this case, every time the Defendant downloaded a copy of a copyrighted video from Plaintiff's website, it inserts an encrypted code that is only assigned to Defendant. In this case, the encrypted code for Defendant is: "xvyynuxl". Defendant's conduct was willful to the extent that he copied or distributed Flava Works, Inc.' intellectual property at least 10 times and caused the videos to be infringed or downloaded at least 3,449 times. Exhibit "E".

### IV. PLAINTIFF CORRECTS OR CLARIFIES ITS REQUEST FOR STATUTORY DAMAGES FOR EACH OF THE 3000+ INFRINGEMENT.

In its prior Memorandum, Plaintiff inadvertently stated that it seeks the award of statutory damages to a sum of not more than $150,000.00 for each of the 10 copyrighted files, because the infringement was committed willfully and that Plaintiff seeks statutory damages of 1,500,000.00 for the 10 willful infringements of its copyrights. This statement regarding the number of infringement was inadvertent. The correct number of infringement is 3,449 times. Exhibit "E".

17 USCS § 504(c) provides in relevant part as follows:

(c) Statutory damages.

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $ 750 or more than $ 30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $ 150,000.  17 USCS § 504.

Plaintiff wish to emphasize the language "an award of statutory damages for all infringements involved in the action, with respect to any one work".  Universal City Studios Prods. LLLP & Paramount Pictures Corp. v. Bigwood, 441 F. Supp. 2d 185, 191 (D. Me. 2006). Where, as here, the infringement is committed willfully, a court has discretion to increase the award of statutory damages to $ 150,000 per infringement.  Universal City Studios Prods. LLLP & Paramount Pictures Corp. v. Bigwood, 441 F. Supp. 2d 185, 191 (D. Me. 2006).

In this case, Flava Works, Inc.'s copyrighted works were downloaded 3,449 times. Exhibit "E".  A Court may consider the download log attached to a pleading.  Cassetica Software, Inc. v. Computer Scis. Corp., 2009 U.S. Dist. LEXIS 51589 (N.D. Ill. June 18, 2009); 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 735 (7th Cir. 2002).

Plaintiff seeks statutory damages for willful infringement of $1,500,000 for the willful infringements of 10 videos that were downloaded 3,449 times.   Exhibit "E". Defendant caused 3,449 infringements of the Plaintiff's videos.  Plaintiff is seeking the maximum statutory damages of $150,000 per infringement.  $150,000 times 3,449 infringements is over $517,000,000.  Thus, Plaintiff, Flava Works, Inc.'s request for an award of $1,500,000 is very reasonable.

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable

Court enter the following:

     1.     A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendant, Kywan Fisher, in the amount of at least 1,500,000.00 plus costs

     2.     For a permanent injunction restraining and enjoining Defendant, Kywan Fisher, from copying, distributing, reproducing, making available for download or embedding any material that infringes Flava Works' Intellectual Property.

     3.     Awarding Plaintiff reasonable attorney's fees and costs.

DATED:                     Respectfully Submitted,

September 27, 2012         /s/ Meanith Huon

                             Meanith Huon

Flava Works, Inc.
933 W. Irving Pk. Rd., Ste. C
Chicago, IL 60613

PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996

**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that on the 27th day of September, 2012, I caused to be served a true and correct copy of the foregoing **<u>PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DAMAGES</u>** by causing copies of same to be served electronically on all counsel of record who have appeared in this case and by causing a copy to be served on Defendant, Kywan Fisher, 21 Rendon Drive Hampton, Virginia 23666-1510 via regular U.S. Mail, postage prepaid by depositing same from a U.S. Post Office Box in Chicago, Illinois on or before September 27, 2012.

/s/Meanith Huon_____
Meanith Huon
PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996